**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **LABORERS' PENSION FUND and** )<br>**LABORERS' WELFARE FUND OF THE** )<br>**HEALTH AND WELFARE DEPARTMENT** )<br>**OF THE CONSTRUCTION AND GENERAL** )<br>**LABORERS' DISTRICT COUNCIL OF** )<br>**CHICAGO AND VICINITY, and THE** )<br>**CHICAGO LABORERS' DISTRICT COUNCIL**)<br>**RETIREE HEALTH AND WELFARE FUND,** )<br>**and CATHERINE WENSKUS, Administrator** )<br>**of the Funds.** )<br>                       **Plaintiffs,** )<br>                       )<br>          **v.** )       **Case No.**<br>                       )<br>**UNION BLU CORPORATION, and** )<br>**TANYANIKA JONES, individually, and also** )<br>**known as TANYANIKA D. JAMISON,** )<br>                       )<br>                     **Defendants.** ) | |

## COMPLAINT

Plaintiffs Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, the Chicago Laborers' District Council Retiree Health and Welfare Fund (the "Funds"), and Plaintiff Catherine Wenskus ("Wenskus"), Administrator of the Funds, by their undersigned attorneys, and for their Complaint against Defendant Union Blu Corporation, and Tanyanika Jones, also known as Tanyanika D. Jamison, as follows:

### COUNT I

**(Failure To Pay Employee Benefit Contributions)**

1. Jurisdiction is based on Sections 502(e)(1) and (2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1132(e)(1) and (2); Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a); and 28 U.S.C. §1331.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391(a) and (b).

3. The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). The Funds have offices, conduct business and

administer the plans within this District. Wenskus is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago (the "Union"). With respect to such matters, Wenskus is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

4. Defendant Union Blu Corporation (hereinafter "The Company"), is an Illinois corporation not in good standing. The Company does business within this District and is an Employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of LMRA, 29 U.S.C. §185(a).

5. Defendant Tanyanika Jones, who on information and belief is also known as Tanyanika D. Jamison is the owner of the Company. Tanyanika Jones (and/or Jamison) is being sued as she signed a personal guaranty agreeing to be bound for unpaid contributions, damages, interest and attorneys' fees and costs owed by the Company. As such, Jones (and or Jamison) does business within this District and is an Employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of LMRA, 29 U.S.C. §185(a).

6. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company are parties to a collective bargaining agreement ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and the Company, which Agreement adopts and incorporates a Master Agreement between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust, is attached hereto as Exhibit A.)

7. The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council

(the Safety Fund"), the Laborers' Employers' Cooperation & Education Trust ("LECET"), the Contractors' Association of Will and Grundy Counties (the "Will County Fund"), the Concrete Contractors' Association of Greater Chicago ("CCA"), the Chicago Area Independent Contractors Association ("CAICA"), the Illinois Road Builders Association ("IRBA"), and the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDCMC"), and the Illinois Small Pavers Association ("ISPA") to act as an agent in the collection of contributions due to those funds.

8. The Agreement, the Funds' respective Agreements and Declarations of Trust, the Retiree Welfare Fund's Agreement and Declaration of Trust, and the Training Fund Agreement and Declaration of Trust (collectively referred to as "Trust Agreements), obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, retiree health and welfare benefits and for the training fund, and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to the Funds remitted on behalf of each covered employee. Pursuant to the terms of the Trust Agreements contributions which are not submitted in a timely fashion are assessed liquidated damages plus interest.

9. The Agreement further obligates the Company to cooperate with auditors designated by the Funds in conducting payroll audits to assure that all required contributions have been made to the Funds.

10. The Agreement further obligates the Company to procure, carry and maintain a surety bond to guarantee payment of wages, Pension and Welfare contributions for the duration of the Agreement.

11. Notwithstanding the obligations imposed by the Agreement, the Company has:

(a) failed to report and pay contributions owed to plaintiff Laborers' Pension Fund for the period October 1, 2017 through December 31, 2018, as reflected in reports by the Funds' auditors, attached hereto as Exhibit B, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries; and

(b) failed to report all contributions owed to Plaintiff Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period October 1, 2017 through December 31, 2018, as reflected in reports by the Funds' auditors, attached hereto as Exhibit B, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c) failed to report all contributions owed to the Plaintiff Training Fund for the period October 1, 2017 through December 31, 2018, as reflected in reports by the Funds' auditors, attached hereto as Exhibit B, thereby depriving the Chicago Laborers' District Council Retiree Health and Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries and;

(d) failed to report all contributions owed to the Plaintiff Training Fund for the period October 1, 2017 through December 31, 2018, as reflected in reports by the Funds' auditors, attached hereto as Exhibit B, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries.

(e) failed to maintain a surety bond consistent with the parties' Agreements.

12. Despite demand duly made, the Company has not paid the required contributions or other sums due.

13. All conditions precedent to requiring contributions and reports to the Funds have been met.

14. The Company's actions in failing to make timely reports and contributions violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

15. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), and the terms of the Funds' Trust Agreements, the Company is liable to the Funds for unpaid contributions and related amounts, as well as interest and liquidated damages on the unpaid contributions, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Union Blu Corporation for the amounts of contributions owed to date together with all accrued

4

delinquencies after suit, interest, liquidated damages, attorneys' fees and costs, directing the Company to obtain and maintain a surety bond to guarantee payment of wages, Pension and Welfare contributions as required by the Agreement, and an order directing Defendant to timely submit reports and upon demand by Plaintiffs submit to an audit, and any other legal and equitable relief as the Court deems appropriate.

## COUNT II

### (Failure To Pay Union Dues)

16. Plaintiff realleges paragraphs 1 through 10 of Count I.

17. Pursuant to the Agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been deducted from the wages of covered employees.

18. Notwithstanding the obligations imposed by the Agreement, the Company has failed to withhold and/or to report to and forward the union dues deducted or the Union dues that should have been deducted from the wages of employees for the period October 1, 2017 through December 31, 2018, thereby depriving the Union of income.

19. Pursuant to the Agreement, the Company is liable to the Fund for the unpaid union dues, as well as reasonable attorneys' fees, as the Union's collection agent, and costs, and such other legal and equitable relief as the Court deems appropriate.

20. The Company's actions have violated and are violating Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

## COUNT III

### (Default on Personal Guaranty)

21. The Funds reallege paragraphs 1 through 10 of Count I, against President Tanyanika Jones also known as Tanyanika D. Jamison.

21. On or about August 4, 2018, the Company's President Tanyanika Jones, signed a personal Guaranty of Payment and Indemnification ("the Guaranty"), individually guaranteeing the Company's obligations under an Installment Note. (A copy of the Guaranty is attached hereto as Exhibit C.)

22. The Guaranty further provides in paragraph 1, that the guarantor, Tonyanika Jones

5

guarantees "all benefit contributions, union dues and/or wages owed from the Company to the Funds, the District Council, all ancillary funds ...that... are incurred and become due and owing for the duration of the Note, including all audits that have been issued or are issued covering any period of time prior to the issuance of the Note, during the Note or issued after the Note..." (Exh. C, ¶ 1).

23. Despite demand duly made, the Company and Jones have not made payment of the reported contribution identified for the period covered by the audit from October 1, 2017 through December 31, 2018.

WHEREFORE, Plaintiffs respectfully request this Court enter judgment in favor of Plaintiffs and against Defendants Union Blu Corporation and Tanyanyika Jones who is also known as Tanyanyika Jamison in the amounts owed for the audit period from October 1, 2017 through December 31, 2018, plus all damages and interest, and an award of Plaintiffs' reasonable attorneys' fees and costs pursuant to the terms of the Guaranty, and grant any other legal or equitable relief as the Court deems appropriate.

By: /s/Karen I. Engelhardt
      Attorneys for Plaintiff

Karen I. Engelhardt
ALLISON, SLUTSKY & KENNEDY, P.C.
230 West Monroe Street Suite 2600
Chicago, Illinois 60606
(312) 364-9400

August 19, 2019